U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

APR 09 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AIM BUSINESS CAPITAL, L.L.C. | CIVIL ACTION 13-241 |
| VERSUS | JUDGE HAIK |
| REACH OUT DISPOSAL, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion for Partial Summary Judgment by AIM Business Capital, L.L.C. against Agora Promotions, Inc. and its owner Henry Locanti (Doc. #48). AIM seeks a judgment against Agora and Mr. Locanti finding they were part of the alleged scheme through which Reach Out Disposal sold fraudulent accounts to AIM. AIM further seeks a monetary judgment for the losses attributable to Mr. Locanti and Agora.

The Motion for Summary Judgment is **GRANTED** for the following reasons:

A Motion for Summary Judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56( c), *Celotex Corp v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of establishing the absence of material fact issues; the non-moving party must then show there is a genuine issue for trial. The Court views the factual issues in a light most favorable to the non-moving party. *Tubacex, Inc. v. M/V. Risan*, 45 F.3d. 951 (5th Cir. 1995). Based on the pleadings, submissions of the parties, and evidence presented at the hearing held in this matter, the Court finds there are no issues of material fact in existence and summary

judgment is properly granted in this matter.

The evidence establishes that AIM, who was in the business of factoring other business' receivables at a discount and charging a higher interest rate, bought various accounts from Reach Out Disposal. These invoices included those from an alleged renovation at Agora. Mr. Locanti represented that Reach Out Disposal was doing work for Agora and certified the invoices were legitimate and for actual work performed. Agora paid the invoices, keeping AIM in reliance that the deal was legitimate. In reality, Reach Out was not doing work for Agora. Reach Out, however, would issues checks to Agora, which would then run through Agora's account and be issued to AIM. As AIM did not know of the behind the scene dealings, it trusted the work was legitimate and bought more and more invoices from Reach Out, believing they were existing obligations. Testimony shows that, had AIM known the money from Agora was actually coming from Reach Out, it would have ceased business dealings and not purchased additional invoices.

Aim contends that Mr. Locanti knew Reach Out was fabricating the invoices, as no work was actually taking place. He certified the invoices as real and issued checks from the Agora account. AIM attached an affidavit attesting to the fact that Mr. Locanti admitted the fraud around the time suit was filed. Subsequently, Mr. Locanti invoked his 5th Amendment right against self incrimination. AIM argues the invocation of Mr. Locanti's 5th Amendment right hindered discovery and investigation in this case. AIM further contends it is due treble damages under the Louisiana Unfair Trade Practices and Consumer Protection Law as these bad acts continued after Agora and Locanti were notified of AIM's knowledge of the scheme. If so, treble damages and attorney fees are recoverable. AIM seeks judgment in the amount of $480,225, trebled $1,440,675.00. AIM further alleges conversion.

Mr. Locanti offered little in the way of exonerating evidence. First, he argued that AIM is

essentially at fault for being defrauded because it failed to do due diligence when entering into a new business relationship. Had it done so, it would have known that the manager of operations (Chris Gattarello) was a convicted felon with a poor reputation. Secondly, Mr. Locanti and Agora argue that they never prepared any invoices in this arrangement. All of the invoices were prepared by Reach Out and/or Axelrod Rubbish. Because AIM continued to rely, without taking any steps to determine who it was dealing with or how the waste business worked, it should be held accountable for its own fault. Mr. Locanti and Agora also argue there is no conversion at they never held any money belonging to AIM. Finally, they argue no bad acts took place following notice from the Louisiana Attorney General, so treble damages are not applicable. Locanti argues he received notice on February 1, 2013 and no acts took place after that date. Mr. Locanti and Agora deny the existence of any fraud or conspiracy.

As noted, the evidence establishes the existence of a fraudulent scheme of which Mr. Locanti and Agora were a part. Toni Gines, Vice President of Operations confirmed she traveled to Ohio, met with Mr. Locanti personally, and toured his alleged demonlition site in verify the authenticity of the work undertaken by Reach Out. Further, Mr. Locanti orally verified the invoices and issued checks to AIM. Mr. Locanti accepted checks from Chris Gatterello, with whom he had a very close personal relationship, and issued a new check from Agora to AIM, signed by Mr. Locanti. The only conclusion to be drawn by this series of events is that these acts were perpetrated in support of a fraudulent scheme. There is no reliable evidence to the contrary.

As to the issue of comparative fault, the Court finds AIM should have done a more thorough job of investigating the individuals with whom it was entering into business dealings. With that said, comparative fault is not available in Louisiana in an intentional tort case such as this. LA Civ. Code Article 2323 ( c).

With respect to the conversion, under Louisiana law, "a conversion consists of an act in derogation of the plaintiff's possessory rights and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time, is a conversion." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d. 756 (LA 1985). A conversion is committed "when any of the following occurs: 1.) Possession is acquired in an unauthorized manner; 2.) The chattel is removed from one place to another with the intent to exercise control over it; 3.) Possession of the chattel is transferred without authority; 4.) Possession is withheld from the owner or possessor; 5.) The chattel is altered or destroyed; 6.) The chattel is used improperly; or 7.) Ownership is asserted over the chattel. *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 721 So.2d. 853 (LA 1998).

In this case, the parties jointly undertook the act of depriving AIM of its funds through fraud. In doing so, they possessed AIM's money in an unauthorized manner, they intended to control the money as evidenced by the check swapping scheme, ownership was wrongfully asserted, and AIM was deprived of its funds. AIM was left holding fraudulent invoices from Agora/Locanti and incurred significant legal costs in an effort to recover from this scheme. Consequently, the Court finds conversion has taken place in this case as evidenced by the acts of all defendants, including Mr. Locanti and Agora.

Finally, the Court finds the type of fraud which took place in this case falls squarely within the Louisiana Unfair Trade Practices and Consumer Protection Law. The actions of the defendants in this matter were deceptive and unfair at every level. After notification from the Louisiana Attorney General's Office, Agora failed to pay AIM on outstanding invoices it verified. This failure to honor the invoices, leaving AIM with worthless paper, constitutes part of the overall scheme. Additionally, those acts taken which hindered AIM's ability to investigate,

leading to possible further damage, are considered by this Court to be bad acts. Consequently, treble damages are recoverable in this case.

Based on the foregoing, the Motion for Partial Summary Judgment in favor of AIM Business Capital and against Mr. Henry Locanti and Agora Promotions, Inc. is **GRANTED** in full.

The Court hereby **ORDERS** the parties to brief the amount of damages owed to date. Once the parties have done so, a Judgment specifying the specific amount of monetary damages will issue.

**THUS DONE** and **SIGNED** on this 8th day of April, 2014.

RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA