UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

AIM BUSINESS CAPITAL, L.L.C.  CIVIL ACTION NO. 6:13-cv-00241

VERSUS  JUDGE HAIK

REACH OUT DISPOSAL, L.L.C.,  MAGISTRATE JUDGE HANNA
ET AL.

## <u>MEMORANDUM  RULING</u>

Currently pending before this Court is the motion to substitute party defendant, which was filed by the plaintiff, AIM Business Capital, L.L.C. and seeks to have Bonita F. LoConti substituted as a defendant in this lawsuit in place of her deceased husband, Henry J. LoConti, Sr.  (Rec. Doc. 181).  Oral argument was held on February 24, 2015.  Although Mrs. LoConti did not timely file a brief opposing the motion, her counsel appeared at the hearing and orally opposed the motion.  Mrs. LoConti was subsequently ordered to submit a brief opposing the motion, and the plaintiff was afforded an opportunity to respond.  Both Mrs. LoConti and the plaintiff filed post-hearing briefs.  (Rec. Docs. 192, 194).  Having carefully considered the arguments of the parties and the applicable law, and for the reasons fully explained below, the motion is GRANTED.

## BACKGROUND

This lawsuit arose out of defendant Reach Out Disposal, L.L.C.'s sale of certain accounts to plaintiff AIM Business Capital, L.L.C. under the terms of a Purchase of Accounts and Security Agreement dated October 7, 2011.  In a prior submission to this Court, AIM explained that it "is in the business of factoring, buying accounts receivable invoices from businesses at a discount." (Rec. Doc. 9-1 at 4).   In its complaint, AIM alleged that it purchased invoices that were later determined to be fictitious.  AIM seeks to recover from the defendants under various theories including conversion, fraud, unfair trade practices, open account, equitable estoppel, negligent misinformation, unjust enrichment, detrimental reliance.  (Rec. Doc. 1-2 – original petition; Rec. Doc. 43 – first amended complaint).

Several defendants were named in the lawsuit, including Henry J. LoConti, Sr.  Mr. LoConti died on July 8, 2014.  (Rec. Doc. 150).  He was the sole shareholder in defendant Agora Promotions, Inc.  (Rec. Doc. 150).  According to AIM, Agora and LoConti "knowingly participated in the scheme by taking funds from defendant AXELROD and then using those funds to pay AIM, making it appear to AIM that the invoices being paid by AGROA [sic] were legitimate."  (Rec. Doc. 9-1 at 4).

It is undisputed that, following Mr. LoConti's death, his widow, Bonita F. LoConti, was appointed administrator of Mr. LoConti's estate.  (Rec. Doc. 192 at 1,

2).   In the pending motion, AIM seeks to have Mrs. LoConti substituted as a defendant in this lawsuit in her husband's stead.  Mrs. LoConti acknowledged that she has actual knowledge of the lawsuit and accepted delivery of a box containing "a plethora of prior pleadings, exhibits[,] and orders" that were "hand-delivered to [her] at her residence."  (Rec. Doc. 192 at 2).  Her sole complaint is that this delivery was not accompanied by a summons, as required by Fed. R. Civ. P. 4.  AIM contends, however, that it attempted to obtain a summons but the Clerk of Court would not issue a summons because Mrs. LoConti has not yet been made a party to this lawsuit.

<u>ANALYSIS</u>

Fed. R. Civ. P. 25(a)(1) states that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(3) states that service of a motion to substitute on a party may be made under Fed. R. Civ. P. 5 but service of such a motion on a nonparty to the suit must be made in accordance with Fed. R. Civ. P. 4.  Service under Rule 4 requires that a summons issued by the Clerk of Court must accompany delivery of a complaint, while service under Rule 5 does not require the issuance of a summons,

presumably because a summons was already delivered to the party when it was first made a party to the suit.

Mrs. LoConti does not dispute that she is the proper person to be substituted for Mr. LoConti nor does she contend that the cause of action against her husband was extinguished by his death.  The suggestion of Mr. LoConti's death was filed in the suit record on July 11, 2014.  (Rec. Doc. 150).  Less than ninety days thereafter, AIM moved for an extension of the deadline for substituting another party in place of Mr. LoConti.  (Rec. Doc. 155).  That motion was granted, and the deadline was extended through January 10, 2015.  (Rec. Doc. 159).  Before the extended time limit elapsed, the pending motion to substitute was filed on January 6, 2015.  (Rec. Doc. 181).  Mrs. LoConti does not contend that the delivery of documents to her regarding this lawsuit was not made timely, and the relevant caselaw is clear that the deadline for moving to substitute a party can be extended.[1]  Mrs. LoConti's sole and only objection is that the documents delivered to her did not include a summons and, consequently, she argues that service upon her was fatally flawed, this Court lacks jurisdiction over her, and it is now too late for AIM to again attempt service.

---

[1]     *Washington v. Louisiana*, No. 11-334-BAJ-RLB, 2013 WL 4048561, at *2-3 (M.D. La. Aug. 9, 2013).

In support of her argument, Mrs. LoConti relies upon a single reported decision, *Ransom v. Brennan*, 437 F.2d 513 (5th Cir. 1971).  In that case, Mr. Ransom sued Mr. Brennan.  Mr. Brennan died, and his counsel notified the court and the parties of his death by filing a suggestion of death in the suit record.  Within the required ninety days, the plaintiff filed a motion to substitute the executrix of Mr. Brennan's estate as a defendant in his stead.  The motion was not served on the executrix; instead, it was served on Mr. Brennan's counsel.  The motion to substitute was granted.  Thereafter, the executrix moved to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.  The motion was denied, and the case was tried.  The plaintiff won a $30,000 jury verdict, and the executrix appealed, again asserting the court's lack of jurisdiction over her.  The appellate court analyzed service on substituted parties under Rule 4 and under Rule 5 and concluded that "Rule 4 service of the motion to substitute is for the purpose of acquiring personal jurisdiction over non-parties, and Rule 5 service of the motion is not sufficient to acquire such jurisdiction and cannot be employed in lieu of Rule 4."[2]  Therefore, the court concluded that the district court had no jurisdiction over the substituted party.  However, the court also found that Rule 25 does not prescribe the time within which a motion to substitute must be filed and Rule 4 does

---

[2]        *Ransom v. Brennan*, 437 F.2d at 518.

not contain a time limit for service.  The court looked to the law of Texas, the state in which the court was sitting, and recognized that, in Texas, the substitution of a party must occur within a reasonable time after the defendant's death.  Thus, even though the case had already been tried, the court decided that "the plaintiff should be allowed a reasonable time after remand to serve his Rule 25(a)(1) motion and notice on the executrix in the manner provided by Rule 4, if he wishes to do so.  If plaintiff does comply with Rule 4 within a reasonable time, the District Court should enter an order permitting substitution, and the plaintiff then may proceed to a new trial."[3]  The court did not address the crux of the situation presented in this case, i.e., AIM's inability to obtain a summons and its consequential inability to perfect service on Mrs. LoConti in the absence of an order substituting her as a defendant in the suit.

In this case, Louisiana law applies because this Court's subject-matter jurisdiction is premised upon diversity of citizenship under 28 U.S.C. § 1332.  But, in their briefing, neither AIM nor Mrs. LoConti addressed the applicable time periods under Louisiana law for substituting a defendant.

Despite that omission by both parties, it would not be unreasonable to permit AIM an opportunity to correct the deficiency in service since AIM has clearly attempted in good faith to serve Mrs. LoConti, and AIM's failure to effect proper

---

[3]     *Ransom v. Brennan*, 437 F.2d at 521.

service reflects the existence of a procedural conundrum at the intersection of Rule 25, Rule 4, and the policies and procedures of the Clerk of Court's office. Furthermore, granting the motion to substitute will not deprive Mrs. LoConti of the opportunity to litigate whether this Court has jurisdiction over her. To the contrary, it is only through granting the motion that the issue of this Court's jurisdiction over Mrs. LoConti can properly be placed before the court for resolution. Granting the motion to substitute will place Mrs. LoConti in the same position that any defendant in any lawsuit faces. It will make her a named defendant in the suit. Then, like any named defendant, she will have the opportunity to assert any defenses that she might have – personal jurisdiction, failure to state a claim, or whatever other defense she might have. On the other hand, denying the motion to substitute would prejudice AIM by depriving it of the opportunity to assert the claims it might have against the person who is Mr. LoConti's undisputed successor-in-interest. Accordingly,

IT IS ORDERED that AIM's motion to substitute (Rec. Doc. 181) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall issue a summons to Bonita F. LoConti, as a defendant in this lawsuit.

IT IS FURTHER ORDERED that AIM shall serve Mrs. LoConti with the summons and a copy of this order; however, because Mrs. LoConti has already

acknowledged the receipt of numerous documents delivered to her by AIM, AIM is not required to again deliver any of those documents to Mrs. LoConti.

IT IS FURTHER ORDERED that Mrs. LoConti shall, in accordance with the time limits set forth in the Federal Rules of Civil Procedure, timely respond to the plaintiff's complaints and assert any and all defenses that she may have.

Signed at Lafayette, Louisiana, on March 16, 2015.


PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE