U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JUN 25 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| AIM BUSINESS CAPITAL, LLC | CIVIL ACTION 13-241 |
| VERSUS | JUDGE HAIK |
| REACH OUT DISPOSAL, LLC., ET AL | MAGISTRATE JUDGE HANNA |

## PARTIAL JUDGMENT

On April 9, 2014, this Court granted a summary judgment in favor of the plaintiffs and against Henry LoConti and Agora Promotions, Inc.  The plaintiffs were ordered at that time to brief the court on the amount of damages and attorney fees/costs owed.  They did so on April 21, 2014, along with a Motion for Entry of Judgment under Rule 54(b). A hearing on the matters was set for June 19, 2014.

On May 29, 2014, the defendants filed a motion to continue, which was granted, and the hearing was reset for July 17, 2014.  On July 8, 2014, however, Henry LoConti died.  The parties were ultimately given until January 10, 2015 to substitute a party in the place of Henry LoConti.

The plaintiffs filed a motion to substitute Bonita LoConti in his place on January 6, 2015.  On March 16, 2015, the motion was granted by Magistrate Judge Hanna and Mrs. LoConti as Administrator of the Estate of Henry J. LoConti, Sr. was substituted for her husband.

Mrs. LoConti filed a Motion to Dismiss for Lack of Personal Jurisdiction, which was set for hearing on June 18, 2105 and was **DENIED**.  This matter is now in a posture to address the pending motions filed by AIM Business Capital, LLC.

The Motion for Attorney Fees in Support of Motion for Partial Summary Judgment, which also sought entry of a final judgment specifying monetary damages, is **GRANTED** (Doc. #123).  The defendants have been found liable for committing a fraud which falls squarely within the  Louisiana Unfair Trade Practices Act.   LUPTA specifically states, "In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs." **LSA-R.S. 51:1409.**

For the reasons stated in the Ruling entered into the record on April 9, 2014, judgment was rendered in favor of the plaintiff and against Henry J. LoConti, Sr. and Agora Promotions, Inc.  After a full review of the briefing on the issue of damages, it is held that **Judgment is entered in favor of AIM Business Capital, LLC as follows**:

| | |
|---|---|
| Trebled Invoice Damages: | $1,440,675.00 |
| Legal Fees and Costs: | $261,926.74 |
| Prejudgment Interest: | $92,173.73 |

**TOTAL DAMAGES:**          **$1,794,775.47**

In their opposition, the defendants do not dispute the amount of treble damages, the hourly rate, the interest rate, or the award of attorney fees, but do argue they should not be held liable for the full amount of the attorney fees since their damages represent only a portion of the total sought and plaintiffs have filed suit against multiple parties.  Essentially, defendants

argue the judgment against Agora and LoConti represents approximately 20% of the claimed

damages, but they are being held liable for 100% of the attorney fees.

As stated by the Fifth Circuit Court of Appeals in *Louisiana Power & Light Co. v.*

*Kellstrom,* 50 F.3d. 319 (5th C., 1995), "But when claims against multiple parties share a

'common core of facts' or 'related legal theories', a fee applicant may claim all hours

reasonably necessary to litigate those issues."  (Citing *Hensley v. Eckerhart,* 461 U.S. 424

(1983)). In this case, it is clear the fraud at issue and the steps taken by the plaintiff as

reflected in the billing amounts arise from a "common core of facts", as well as "related

legal theories."  As such, the full amount of attorney fees and costs requested is properly

entered against Henry J. LoConti, Sr., and now his estate as represented by its

administrator Mrs. LoConti, and Agora Promotions, Inc.

Additionally, post-judgment interest is authorized under 28 U.S.C.A. section 1961 from

this date forward is hereby **GRANTED** at the federal statutory rate.

**THUS DONE** and **SIGNED** on this _____25th_____ day of June, 2015.


_____

**RICHARD T. HAIK, SR., DISTRICT JUDGE**